NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOSE GUTIERREZ, | No. 11-73709 |
| Petitioner, | |
| v. | Agency No. A075-306-433 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 9, 2015[**]
San Francisco, California

Before: TALLMAN, M. SMITH, and MURGUIA, Circuit Judges.

Petitioner Jose Gutierrez, a native and citizen of Mexico, challenges a Board

of Immigration Appeals' (BIA) decision denying his second motion to reopen his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

cancellation of removal claim and his claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We deny Gutierrez's petition for review.

Gutierrez's motion was numerically-barred and untimely, filed over 90 days after Gutierrez received a final decision from the BIA on June 10, 2003. 8 C.F.R. § 1003.23(b)(1). Gutierrez makes three arguments as to why the numerical and time limitations should not apply to his case. None is persuasive.

**1.** The BIA did not err in denying Gutierrez's motion to reopen because he does not establish a prima facie case for asylum, withholding of removal, or CAT relief. *See Fernandez v. Gonzales*, 439 F.3d 592, 599 (9th Cir. 2006).

Gutierrez contends that gang violence and rates of homicide have increased dramatically since his case was last before the Immigration Judge (IJ). He also lists several instances where his family has been attacked or threatened by gangsters. However, Gutierrez fails to show a nexus between the alleged mistreatment suffered by his family and his membership in a protected category. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010). Gutierrez makes no showing that his family is a protected group or part of a broader group targeted by gangsters in Mexico. We have consistently held that generalized crime and violence are not sufficient bases for asylum, withholding of removal, or

2

protection under CAT. *See Lolong v. Gonzales*, 484 F.3d 1173, 1179 (9th Cir. 2007).

**2.** Gutierrez next contends that the time limitation on his second motion to reopen should have been tolled because his counsel, Walter Pineda, was ineffective. He argues that his counsel erred by advising him to affirmatively apply for asylum in 1997. Pineda's strategy "was to file an application for asylum that would almost certainly be denied, and then to seek relief from the deportation order that would follow. The obvious problem with this strategy was that deportation—and suspension of deportation—were available only under pre-IIRIRA law." *See Padilla-Padilla v. Gonzales*, 463 F.3d 972, 975 (9th Cir. 2006). Because Gutierrez filed his asylum application around the time of IIRIRA's effective date, INS never initiated deportation proceedings. Instead, INS placed Gutierrez into removal proceedings. Unfortunately, the requirements for cancellation of removal under IIRIRA are more stringent than the prior requirements for suspension of deportation. *See id*. Gutierrez argues that had his application been processed under pre-IIRIRA law, he would have met the requirements for suspension of deportation and received relief.

To qualify for equitable tolling, Gutierrez must show that Pineda's faulty advice prevented him from filing his motion to reopen in a timely manner, a

burden that he does not carry. *See Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011). Pineda stopped representing Gutierrez in 2000, almost eleven years before Gutierrez filed his second motion to reopen. Gutierrez knew about Pineda's faulty advice as early as November 2001, when he withdrew his application for asylum, and he could have filed his motion to reopen well within the 90-day time limit.

Even assuming that Gutierrez can show that Pineda's advice prevented Gutierrez from timely filing his second motion to reopen, the BIA still did not err in denying Gutierrez's ineffective assistance of counsel claim on the merits. Gutierrez cannot show that he was prejudiced by Pineda's representation. *See Singh*, 658 F.3d at 885. The purported prejudice Gutierrez suffered, being placed in removal proceedings, is not enough because Gutierrez was already removable as someone who had entered the United States without inspection. *See Lara-Torres v. Ashcroft*, 383 F.3d 968, 973 (9th Cir. 2004), *amended sub nom. Lara-Torres v. Gonzales*, 404 F.3d 1105 (9th Cir. 2005).

**3.** We do not have jurisdiction over Gutierrez's motion to reopen his cancellation of removal claim. *See Fernandez*, 439 F.3d at 602–03. Evidence that Gutierrez's two daughters are older is merely "cumulative" and pertaining "to the inevitable passage of time." *See id*. at 603. Because this evidence does not address a hardship ground distinct from the ground previously considered by the IJ, we do

4

not have jurisdiction over this part of Gutierrez's motion. *See id*. at 602–03.

**PETITION FOR REVIEW DISMISSED IN PART; DENIED IN PART.**