**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAFAEL LAINEZ-URQUILLA, | No. 12-73125 |
| Petitioner, | Agency Nos. A070-075-301 |
| v. | A070-218-066 |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 10, 2017
Pasadena, California

Before: CLIFTON and FRIEDLAND, Circuit Judges, and RICE,** Chief District
Judge.

Rafael Lainez-Urquilla, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' denial of his motion to reopen

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Thomas O. Rice, Chief United States District Judge
for the Eastern District of Washington, sitting by designation.

proceedings. Petitioner also argues that the Immigration Judge violated his right to due process during his 1994 hearing, and that he received ineffective assistance of counsel throughout his proceedings. Because Petitioner filed his motion to reopen almost fifteen years after the statutory deadline and has not demonstrated that an exception to the time limitation applies or that equitable tolling of the deadline is warranted, we conclude that the BIA did not abuse its discretion in denying Petitioner's motion to reopen. We lack jurisdiction to review Petitioner's due process and ineffective assistance of counsel claims because he did not exhaust them before the BIA. We therefore deny the petition in part and dismiss in part.

A motion to reopen must be filed within ninety days from the date of a final administrative order of deportation, or on or before September 30, 1996, whichever date is later. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1). Because the IJ issued an order requiring Petitioner to voluntarily depart by September 5, 1994 or be subject to deportation, Petitioner needed to file his motion to reopen by September 30, 1996 in order for it to be timely. *See id.* Petitioner did not file his motion until July 6, 2011, nearly fifteen years after the deadline.

The BIA did not abuse its discretion in determining that Petitioner's untimely motion did not qualify for an exception to the filing deadline. The time limitation for filing a motion to reopen does not apply if the motion is made to

2

apply for asylum or withholding of removal "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). Although Petitioner argues that a rise in El Salvador's violent gang activity warrants an exception to the filing deadline to permit him to pursue asylum, Petitioner has not presented evidence of "individualized relevancy" indicating that his "predicament is appreciably different from the dangers faced by h[is] fellow citizens," or that he would be singled out on a protected ground. *See Najmabadi v. Holder*, 597 F.3d 983, 989–90 (9th Cir. 2010) (quoting *Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998)).

Petitioner also argues that the BIA abused its discretion by not equitably tolling the deadline. The filing deadline for a motion to reopen may be equitably tolled "during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. INS*., 321 F.3d 889, 897 (9th Cir. 2003). "Ineffective assistance of counsel is [another] basis for equitable tolling." *Bonilla v. Lynch*, 840 F.3d 575, 582 (9th Cir. 2016) (quoting *Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011)). In his arguments before the BIA,

Petitioner did not offer any indication that deception, fraud, error, or ineffective assistance of counsel prevented him from timely filing his motion to reopen. Thus, the BIA did not abuse its discretion in determining that equitable tolling was inapplicable to the circumstances of Petitioner's case.

Petitioner raises two arguments in his petition to this court that he did not raise before the BIA. Petitioner argues that the IJ violated his due process rights at his 1994 hearing by not informing him of available relief other than voluntary departure and that he received ineffective assistance of counsel throughout his proceedings. Because Petitioner did not raise these claims before the BIA, he failed to exhaust them. *See Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir. 1994) (reasoning that a petitioner's claim that an IJ violated due process by failing to advise him of his rights required exhaustion); *Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000) ("We [] require an alien who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA."). We therefore lack jurisdiction to review these claims. *See Rashtabadi*, 23 F.3d at 1567.

Lastly, Petitioner has filed a motion to supplement the record with documents never presented to the BIA. Because our review is limited to "the

administrative record on which the order of removal is based," 8 U.S.C.

§ 1252(b)(4)(A), we deny the motion.

**PETITION DENIED IN PART, DISMISSED IN PART.**