**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARDO AYALA-NEGRETE, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | Nos. 16-72869 18-70721 Agency No. A074-813-367 MEMORANDUM* |

On Petitions for Review of an Order of the
Board of Immigration Appeals

Submitted February 19, 2019**

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

In these consolidated petitions for review, Ricardo Ayala-Negrete, a native

and citizen of Mexico, petitions pro se for review of the Board of Immigration

Appeals' ("BIA") order denying his second motion to reopen, and petitions for

review of the BIA's order denying his third motion to reopen. Our jurisdiction is

governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petitions for review.

In No. 16-72869, the BIA did not abuse its discretion in denying Ayala-Negrete's second motion to reopen, where he did not provide sufficient evidence to show that any prior counsel's conduct was deficient. *See Singh v. Holder*, 658 F.3d 879, 884-85 (9th Cir. 2011) (motion to reopen premised on ineffective assistance of counsel must show that counsel's performance was deficient and resulted in prejudice). In so concluding, we do not consider the extra-record information included with Ayala-Negrete's opening brief because the court's review is normally limited to the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence). We also reject Ayala-Negrete's contention that the BIA did not properly evaluate the evidence presented with his motion. *See Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010) (holding the BIA adequately considered evidence and sufficiently announced its decision).

We lack jurisdiction to consider Ayala-Negrete's unexhausted contentions of ineffective assistance of counsel by Sanjay Sobti in petition No. 16-72869. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction

18-70721

to consider contentions not presented in an alien's administrative proceedings before the agency).

In No. 18-70721, the BIA did not abuse its discretion in denying Ayala-Negrete's third motion to reopen as untimely and number-barred, where he filed the motion more than seven years after the applicable filing deadline, and failed to show the motion was subject to any exceptions to the deadline. *See* 8 C.F.R. § 1003.2(c)(2)-(3); *Singh*, 658 F.3d at 884 (tolling available to petitioner who shows he was prevented from timely filing his motion due to prior counsel's ineffectiveness, he was diligent in discovering counsel's fraud or error, and he complied with the procedural requirements of *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988)).

We lack jurisdiction to consider Ayala-Negrete's unexhausted contention that his third motion to reopen was not number-barred. *See Tijani*, 628 F.3d at 1080.

**PETITIONS FOR REVIEW DENIED in part; DISMISSED in part.**