NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| WALTER DANILO CABRERA, | No. 17-71805 |
| Petitioner, | Agency No. A070-940-838 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2019[**]

Before:     McKEOWN, BYBEE, and OWENS, Circuit Judges.

Walter Danilo Cabrera, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C.

§ 1252. We review for abuse of discretion the denial of a motion to reopen.

*Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005).  We deny the petition

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for review.

The BIA did not abuse its discretion in denying Cabrera's motion to reopen based on ineffective assistance of counsel, where he did not provide sufficient evidence to establish that prior counsel had been retained to file a petition for review on his behalf. *See Singh v. Holder*, 658 F.3d 879, 884-85 (9th Cir. 2011) (motion to reopen premised on ineffective assistance of counsel must show that counsel's performance was deficient and resulted in prejudice). In so concluding, we do not consider the extra-record information and evidence included with Cabrera's opening brief because the court's review is normally limited to the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence).

**PETITION FOR REVIEW DENIED.**