**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DELWAR HOSSAIN; BELAYET HOSSAIN, Petitioners, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 16-70474 17-70263 17-71618 Agency Nos. A089-715-668 A093-460-127 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2020[**]
Pasadena, California

Before: THOMAS, Chief Judge, and WARDLAW and NGUYEN, Circuit Judges.

Petitioners Delwar and Belayet Hossain, brothers of Bangladeshi origin,

petition for review of a decision by the Board of Immigration Appeals ("BIA")

affirming the denial by an immigration judge ("IJ") of their applications for

asylum, withholding of removal, and protection under the Convention Against

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Torture ("CAT"). They also seek review of the BIA's denial of their subsequent motion to reopen, as well as the BIA's denial of their motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petitions for review.

1. Petitioners do not challenge the merits of the IJ's adverse credibility or frivolity findings. The IJ and the BIA did not err in concluding that, absent credible testimony, petitioners failed to demonstrate entitlement to asylum, withholding of removal, or CAT protection.

2. The BIA did not err in finding that petitioners failed to present a viable claim for ineffective assistance of counsel and, in turn, declining to remand to the IJ. Petitioners argue their counsel failed to prepare adequate written submissions to accompany their applications for immigration relief, or to prepare them sufficiently for their oral testimony. But even assuming counsel was deficient in both respects, petitioners did not show a sufficient nexus with the IJ's adverse credibility rulings to demonstrate prejudice. *See Mohammed v. Gonzales*, 400 F.3d 785, 793–94 (9th Cir. 2005). First, the BIA rightly determined that the unfavorable determinations by the IJ bore little connection to the thoroughness of petitioners' written submissions. Second, the BIA did not err in finding that the petitioners, not their counsel, bore responsibility for the substantial discrepancies in their testimony and their failure, at times, to be forthright. And the petitioners' lack of credibility arose not only from their inconsistent testimony, but also from Belayet's

2

admitted alteration of documents submitted to the IJ and Delwar's dubious response when confronted on the matter. It is clear from the record that the IJ did not consider his credibility determination to be a close call; indeed, the IJ found petitioners' testimony so incredible that he made a frivolity finding as to Belayet—sparing Delwar only because of his lesser education and more limited testimony.

3. The BIA did not abuse its discretion in denying petitioners' motion to reopen. *See Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007). The motion was not timely filed, and the BIA did not err in determining that equitable tolling was unwarranted. *See id.* at 999; 8 U.S.C. § 1229a(c)(7)(C)(i). Petitioners did not provide a sufficient basis for their contention that a nondescript "attempted mutiny" by a "[M]uslim attorney" hindered them from meeting the filing deadline. Nor, even if they had made such a showing, did petitioners demonstrate due diligence in discovering the misconduct or acting promptly in response to such discovery. *See Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011). Petitioners' counsel referenced the conflict with the Muslim attorney as early as a declaration dated April 2, 2015, but the deadline to file the motion to reopen did not pass until more than a year later on April 20, 2016. And petitioners did not file their motion for another six months thereafter—which itself was three months after petitioners claim they resolved their representation issues. Petitioners offer no substantive explanation for the duration of the delay.

The BIA also rightly determined that any ineffective assistance by petitioners' previous counsel, Mr. Abdallah, provided no justification for their failure to meet the deadline for filing the motion to reopen, long after they had retained new counsel.[1]

Petitioners also contest the BIA's decision not to exercise its discretionary authority to reopen the proceedings sua sponte. However, we lack jurisdiction to review such claims, where, as here, the BIA's decision rested on its application of the "'exceptional situation' benchmark." *Bonilla v. Lynch*, 840 F.3d 575, 586 (9th Cir. 2016).

4. The BIA did not abuse its discretion in denying petitioners' motion to reconsider the decision on the motion to reopen. *See Barroso v. Gonzales*, 429 F.3d 1195, 1200 (9th Cir. 2005). A motion to reconsider must identify "errors of law or fact in the previous order," and "contest[] the correctness of the original

---

[1] The BIA appropriately rejected the motion to reopen on timeliness grounds alone. However, we note that the BIA also did not err in its alternative determinations that petitioners proffered no assertions or evidence in support of their ineffective assistance claim that had not been considered already on appeal, and that petitioners' newly-presented claim of judicial bias was "unsubstantiated," such that their motion to reopen would fail even if considered on the merits. As to judicial bias, petitioners did not meet their burden to show "that the IJ had a deep-seated favoritism or antagonism that would make fair judgment impossible." *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007). Petitioners cite as evidence of judicial bias several statements by the IJ in which he voices his disbelief of petitioners' testimony. But, in so doing, petitioners conflate appropriate adverse credibility findings with inappropriate judicial partiality.

decision based on the previous factual record." 8 U.S.C. § 1229a(c)(6)(C); *Matter of O-S-G-*, 24 I. & N. Dec. 56, 57 (BIA 2006). But petitioners did not identify any material error in the prior order. As discussed above, the BIA acted well within its discretion in denying the motion to reopen—whether on the basis of timeliness or its more substantive shortcomings.

Petitioners also presented new evidentiary support for their contention regarding the so-called attorney "mutiny," but the BIA appropriately found that such supplementation of the factual record was inappropriate on a motion to reconsider. *See Matter of O-S-G-*, 24 I. & N. Dec. at 57. Lastly, the BIA did not err in its alternative finding that, even if the new submissions were considered, the motion would fail nonetheless for lack of any "new or previously unavailable evidence which would materially affect the outcome of the proceedings."

**PETITIONS DENIED.**