**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FNU NAJIBUL HAQ, AKA Najibul Haq
Siddiqi,

              Petitioner,

v.

WILLIAM P. BARR, Attorney General,

              Respondent.

No.    16-73067

Agency No. A206-032-960

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2020[**]
Pasadena, California

Before: THOMAS, Chief Judge, and FERNANDEZ and W. FLETCHER, Circuit
Judges.

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Petitioner Najibul Haq Siddiqi,[1] a native and citizen of Afghanistan, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the Immigration Judge's ("IJ") denial of his application for asylum,[2] withholding of removal,[3] and Convention Against Torture ("CAT")[4] relief. We deny the petition.

The BIA's determination that an alien is "not eligible for asylum must be upheld if 'supported by reasonable, substantial, and probative evidence on the record.'" *INS v. Elias-Zacarias*, 502 U.S. 478, 481, 112 S. Ct. 812, 815, 117 L. Ed. 2d 38 (1992) (quoting 8 U.S.C. § 1105a(a)(4) (1992)). "It can be reversed only if the evidence presented . . . was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.*; *see also Lianhua Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). The same standard applies to

[1]Petitioner's visa was issued, and his notice to appear was served, under the name FNU (First Name Unknown) Haq. However, he testified that his last name is Siddiqi and filed his asylum application under that name. We therefore refer to him as such.

[2]8 U.S.C. § 1158(a)(1).

[3]8 U.S.C. § 1231(b)(3)(A).

[4]United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted* Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85, implemented at 8 C.F.R. § 1208.18.

adverse credibility determinations.  *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).

We have reviewed the record and are satisfied that the BIA's determination was supported by substantial evidence.  The IJ's adverse credibility determination was based in part on Siddiqi's demeanor during cross-examination, and the IJ identified particular instances of evasiveness supporting the adverse credibility determination.  *See id.* at 1041–42.  As to the inconsistencies in Siddiqi's testimony regarding the Taliban's persecution of him and his furtive crossing into Canada, Siddiqi has waived any challenges to those issues as proper grounds for the adverse credibility determination by not arguing them in his opening brief.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

Moreover, on this record, Siddiqi has failed to establish a clear probability of persecution, as required for his withholding of removal claim.  *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014); *see also Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).  Additionally, the evidence in the record does not compel a determination that it is more likely than not Siddiqi would be tortured in Afghanistan.  Thus, he is not entitled to CAT relief.  *Lianhua Jiang*, 754 F.3d at 740–41; *see also Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015); *Farah*, 348 F.3d at 1156–57.

Siddiqi's due process claim based on the BIA's denial of his request for a third extension of time to file his respondent's brief also fails. Even assuming that the extension should have been given, he has failed to show prejudice from the denial. *See Zetino v. Holder*, 622 F.3d 1007, 1013–14 (9th Cir. 2010). After denying the request, the BIA accepted and considered Siddiqi's respondent's brief even though it was filed fifty-six days late.

Finally, we deny Siddiqi's motion to remand; it should have been submitted to the BIA and is untimely. *Singh v. Holder*, 658 F.3d 879, 883–84, 884 nn. 4–5 (9th Cir. 2011).

Petition **DENIED**.