**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HACI KURT,

                Petitioner,

   v.

JEFFREY B. SESSIONS, Attorney
General,

                Respondent.

No. 10-71558

Agency No. A072-117-555

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission Deferred December 11, 2014;
Submitted March 6, 2017[**]
Pasadena, California

Before: GILMAN,[***] GRABER, and CALLAHAN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Haci Kurt petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen based on ineffective assistance of counsel. The BIA held that (1) Kurt suffered no prejudice from his attorney's alleged ineffectiveness, and (2) Kurt was not entitled to equitable tolling. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      We review questions of law, including claims of ineffective assistance of counsel, de novo. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005). To establish ineffective assistance of counsel, a petitioner must prove that (1) his attorney acted incompetently and (2) the error was prejudicial to the petitioner's case. *Id.* at 793. "[P]rejudice results when the performance of counsel was so inadequate that it *may* have affected the outcome of the proceedings." *Id.* at 793–94 (internal quotation marks omitted). Kurt alleges that he was prejudiced by his prior attorney's failure to argue, despite the immigration judge's finding that Kurt lacked credibility, that Kurt had shown a genuine fear of future persecution based solely on documentary evidence. *See Al-Harbi v. INS*, 242 F.3d 882, 894 (9th Cir. 2001). Such an argument would not have affected the outcome of these

---

Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

The Ninth Circuit dismissed Kurt's prior petition and held that the agency's adverse credibility determination rested on substantial evidence. *Kurt v. Holder*, 324 F. App'x 650, 651 (9th Cir. 2009) (unpublished).

proceedings. The documentary evidence presented in *Al-Harbi* showed concrete threats specific to a small group of evacuees, including the petitioner. *Id.* at 887. By contrast, Kurt's documentary evidence relates to Kurds generally and most of it is at least fifteen years old. Unlike the petitioner in *Al-Harbi*, Kurt did not present the type of focused documentation that would compel a finding of future persecution.

     **2.**      We review for abuse of discretion the BIA's denial of equitable tolling. *See Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). Because Kurt has not shown that raising an *Al-Harbi* argument would have made any difference in the outcome of his case, the BIA did not abuse its discretion in denying equitable tolling. *Singh v. Holder*, 658 F.3d 879, 887–88 (9th Cir. 2011).

     **PETITION DENIED.**