NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 2 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAGDISH KAUR, AKA Jagdish Chahal, | No. 11-73169 |
| Petitioner, | Agency No. A076-726-516 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 26, 2017**

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Jagdish Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's order denying her motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen, and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Kaur's motion to reopen as untimely, where Kaur filed the motion seven years after her final order of removal, and has not demonstrated the due diligence necessary to warrant equitable tolling of the filing deadline. *See* 8 C.F.R. § 1003.23(b)(4)(iii); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from filing a motion to reopen due to deception, fraud, or error, as long as the alien exercises due diligence in discovering such circumstances).

The BIA's due diligence determination did not constitute impermissible factfinding. *See* 8 C.F.R. § 1003.1(d)(3); *Matter of A-S-B-*, 24 I. & N. Dec. 493, 496 (BIA 2008) (clarifying that the BIA retains authority to apply a particular standard of law to the facts); *cf. Ghahremani v. Gonzales*, 498 F.3d 993, 998-99 (9th Cir. 2007) (due diligence inquiry in the motion to reopen context involves the application of law to established facts). We also reject as unsupported by the record Kaur's contention that the BIA made an improper credibility determination.

In light of this disposition, we do not reach Kaur's remaining contentions regarding her compliance with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), the alleged ineffectiveness of prior counsel,

11-73169

prejudice resulting from prior counsel's performance, and whether she established exceptional circumstances excusing her failure to appear at her 2003 hearing. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (review is limited to the actual grounds relied upon by the BIA); *Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Kaur's motion for judicial notice is denied. *See* 8 U.S.C. § 1252(b)(4)(A) (judicial review is limited to the administrative record); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence).

**PETITION FOR REVIEW DENIED.**