NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JATINDER SINGH,<br><br>    Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>    Respondent. | No.    16-71734<br><br>Agency No. A088-390-353<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 18, 2017**

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Jatinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for

abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597

F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely, where he filed the motion more than two years after his final administrative order of removal, failed to establish the due diligence required for equitable tolling of the filing deadline, and failed to present sufficient evidence of materially changed country conditions in India to qualify for the regulatory exception to the filing deadline. *See* 8 C.F.R. § 1003.2(c)(2)-(3); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to a petitioner who is prevented from timely filing a motion to reopen due to deception, fraud or error, as long as the petitioner exercises due diligence in discovering such circumstances); *Najmabadi*, 597 F.3d at 988-90 (new evidence lacked materiality).

In light of our disposition, we do not reach Singh's remaining contentions regarding the alleged ineffectiveness of prior counsel or eligibility for relief. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Singh has waived his contention that the BIA ignored evidence submitted with his motion. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in an opening brief are waived).

**PETITION FOR REVIEW DENIED.**