**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| WILMER AUGUSTO PALACIOS-GONZLAEZ, AKA Wilmer Augusto Palacios-Gonzalez, | No. 19-71277 |
| Petitioner, | Agency No. A095-321-321 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2021**

Before: GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Wilmer Augusto Palacios-Gonzlaez[1] ("petitioner"), a native and citizen of

---

\*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1]  Although petitioner's name appears as Wilmer Augusto Palacios-Gonzlaez in the orders issued by the agency, the petition for review and opening brief filed in this court show his name as Wilmer Augusto Palacios-Gonzalez.

Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen and terminate his removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and the denial of a motion to terminate, *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020). We deny the petition for review.

The BIA did not abuse its discretion in denying petitioner's motion to reopen as untimely, where it was filed more than 10 years after the order of removal became final, *see* 8 C.F.R. § 1003.2(c)(2), and petitioner has not established changed country conditions in Guatemala to qualify for the regulatory exception to the filing deadline, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (requiring movant to produce material evidence with motion to reopen that conditions in country of nationality had changed).

The BIA did not abuse its discretion in denying petitioner's untimely motion to reopen based on ineffective assistance of counsel where he failed to establish that he acted with the due diligence required for equitable tolling. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011) ("To qualify for equitable tolling on account of ineffective assistance of counsel, a petitioner must demonstrate ... due diligence in discovering counsel's fraud or error....");

*Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (listing factors relevant to the diligence inquiry).

The BIA did not abuse its discretion in denying petitioner's motion to reopen and terminate his proceedings where petitioner's contention that the immigration court lacked jurisdiction over his proceedings is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) ("the lack of time, date, and place in the NTA sent to [petitioner] did not deprive the immigration court of jurisdiction over her case").

**PETITION FOR REVIEW DENIED.**