**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 25 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ZAIYU ZHANG,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-70795

Agency No. A088-291-609

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2021[**]

Before:    SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Zaiyu Zhang, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying his motion to reopen removal

proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of

discretion the BIA's denial of a motion to reopen.  *Najmabadi v. Holder*, 597 F.3d

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

983, 986 (9th Cir. 2010).  We deny the petition for review.

The BIA did not abuse its discretion in denying Zhang's untimely motion to reopen based on ineffective assistance of counsel where he failed to demonstrate he acted with the due diligence required for equitable tolling.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011) ("To qualify for equitable tolling on account of ineffective assistance of counsel, a petitioner must demonstrate . . . due diligence in discovering counsel's fraud or error . . . ."); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (listing factors relevant to the due diligence inquiry).

We do not consider newly raised assertions of fact in the opening brief that were not part of the record before the agency.  *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**