NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SARABJIT SINGH, | No. 20-71978 |
| Petitioner, | Agency No. A079-587-819 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2021**

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

Sarabjit Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

abuse of discretion the denial of a motion to reopen.  *Mohammed v. Gonzales*, 400

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 785, 791 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Singh's untimely motion to reopen based on ineffective assistance of counsel where he failed to demonstrate he acted with the due diligence required for equitable tolling. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011) ("To qualify for equitable tolling on account of ineffective assistance of counsel, a petitioner must demonstrate . . . due diligence in discovering counsel's fraud or error . . .."); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (listing factors relevant to the diligence inquiry).

**PETITION FOR REVIEW DENIED.**