NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARCOS ALIRIO MENOCAL,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-70398

Agency No. A094-287-003

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2021[**]

Before:    TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Marcos Alirio Menocal, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We

review for abuse of discretion the denial of a motion to reopen.  *Toufighi v.*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008).. We review de novo claims of due process violations in immigration proceedings. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny the petition for review.

The BIA did not abuse its discretion in denying Menocal's motion to reopen removal proceedings as untimely, where it was filed over five years after the order of removal became final, *see* 8 C.F.R. § 1003.2(c)(2), and Menocal has not established changed country conditions in Honduras to qualify for the regulatory exception to the filing deadline, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi*, 538 F.3d at 996 (requiring movant to produce material evidence with motion to reopen that conditions in country of nationality had changed).

The BIA also did not abuse its discretion in denying Menocal's motion to reopen based on ineffective assistance of counsel as untimely, where he failed to establish that he acted with the due diligence required for equitable tolling. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011) ("To qualify for equitable tolling on account of ineffective assistance of counsel, a petitioner must demonstrate . . . due diligence in discovering counsel's fraud or error. . . ."); *Avagyan v. Holder,* 646 F.3d 672, 679 (9th Cir. 2011) (listing factors relevant to the diligence inquiry).

To the extent Menocal contends that the BIA violated his right to due process or otherwise erred in its analysis of his motion, those contentions fail. *See*

20-70398

*Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim); *see also Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**