NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALARAZIM KASSIM,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.  20-71242<br><br>Agency No. A046-708-731<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2021**
San Francisco, California

Before:  BADE and BUMATAY, Circuit Judges, and SESSIONS,*** District Judge.

Alarazim Kassim, a native and citizen of Sierra Leone, petitions for review of

a Board of Immigration Appeals' ("BIA") decision denying his motion to reopen his

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

removal proceedings. We review the denial of a motion to reopen for abuse of discretion and may grant relief only if the BIA's decision was "arbitrary, irrational, or contrary to law." *Ocampo v. Holder*, 629 F.3d 923, 925 (9th Cir. 2010) (internal quotation marks omitted). We have jurisdiction under 8 U.S.C. § 1252. We dismiss the petition in part and deny the petition in part.

1. The BIA did not abuse its discretion in denying Kassim's motion to reopen as untimely. Unless equitable tolling is available, a motion to reopen must be filed within 90 days after the final administrative order of removal is rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); *Bonilla v. Lynch*, 840 F.3d 575, 582 (9th Cir. 2016). The BIA dismissed Kassim's appeal of his removal order in 2005, yet Kassim did not file his motion to reopen until 2019, a gap of 14 years. Because his motion to reopen was filed more than 90 days after the final decision of the BIA, Kassim's motion was untimely unless equitable tolling applies.

Kassim argues that he is entitled to equitable tolling because he received ineffective assistance of counsel. Specifically, he contends his former counsel failed to contest his removability and filed an incomplete motion to remand. He asserts he was convicted of an offense involving possession of marijuana, which, in Kassim's view, falls into an exception for removability under 8 U.S.C. § 1227(a)(2)(B)(i). He also claims that his conviction for marijuana does not meet the federal definition of the controlled substance under more recent caselaw.

To be eligible for equitable tolling due to ineffective assistance of counsel, a petitioner must demonstrate (1) that counsel's ineffectiveness prevented him from filing a timely motion; (2) that he showed due diligence in uncovering counsel's fraud or error; and (3) that he generally followed the procedural requirements in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011). If these requirements are met, the petitioner must then show that counsel's performance was insufficient, and he suffered prejudice as a result. *Id.* at 885.

The BIA applied the correct standard and did not abuse its discretion in determining that Kassim failed to demonstrate reasonable efforts to pursue relief between 2005 and 2019. *See Avagyan v. Holder*, 646 F.3d 672, 680–81 (9th Cir. 2011) (holding that a petitioner was insufficiently diligent because she "[a]pparently . . . took no affirmative steps to investigate" whether counsel adequately prepared her claims). Although Kassim contends he diligently pursued his case after changes in the law in 2013 and 2015, he provided no explanation for his lack of diligence for several years prior to the changes. *See Bonilla*, 840 F.3d at 583 (finding a petitioner ineligible for equitable tolling because she waited six years, "an exceedingly long lapse of time," to seek further legal advice and had no explanation for her delay). The BIA also noted that the primary basis for his claim of ineffective assistance did not relate to the changes in the law in 2013 and 2015. Accordingly, the BIA did not

abuse its discretion in declining to equitably toll the deadline for Kassim to file his motion to reopen.

Because the due diligence determination is dispositive, we do not reach the merits of Kassim's motion to reopen. *See Toufighi v. Mukasey*, 538 F.3d 988, 993 (9th Cir. 2008) (sustaining the denial of a motion to reopen on the passage of the 90-day deadline alone and declining to reach other issues).

2.      Kassim also challenges the BIA's failure to reopen his case sua sponte. We typically lack jurisdiction to review the BIA's denial of sua sponte reopening. *See Ekimian v. INS*, 303 F.3d 1153, 1159–60 (9th Cir. 2002).  We may, however, "review denials of *sua sponte* reopening where . . . there is 'law to apply' in doing so." *Bonilla*, 840 F.3d at 587.  Consequently, we have jurisdiction to review the BIA's denial of sua sponte reopening "for the limited purpose of reviewing the reasoning behind the decision[] for legal or constitutional error." *Id.* at 588.

Kassim asserts the BIA committed legal error by applying the wrong legal standard in considering sua sponte reopening.  We disagree.  In declining to reopen proceedings sua sponte, the BIA directly cited to *In re J-J-*, 21 I. & N. Dec. 976 (BIA 1997), which provides that sua sponte reopenings are reserved for "exceptional situations." *Id.* at 984.  Kassim concedes that this is the correct legal standard for sua sponte reopening.  Accordingly, "the BIA's decision . . . evince[d] no misunderstanding about its unfettered discretion under 8 C.F.R. § 1003.2(a)." *Lona*

4

*v. Barr*, 958 F.3d 1225, 1234 (9th Cir. 2020). We lack jurisdiction to consider Kassim's other claims regarding sua sponte reopening. *Ekimian*, 303 F.3d at 1159.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**