NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

DHIRENDRA NATH SUKUL,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

Nos.   15-72408
        16-70902

Agency No. A075-731-618

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2022[**]
Pasadena, California

Before:  TASHIMA, M. SMITH, and WATFORD, Circuit Judges.

Petitioner Dhirendra Nath Sukul, a native and citizen of Fiji, asks this court

to reverse the Board of Immigration Appeals' (BIA) denial of two motions to

reopen his removal proceedings.  The parties are familiar with the facts, and so we

do not recount them here.  We review the denial of the motions to reopen for abuse

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of discretion, *INS v. Doherty*, 502 U.S. 314, 323 (1992), and deny both petitions for review.

**First Motion to Reopen.** Sukul's first motion to reopen was untimely filed and did not show a material change of conditions in Fiji. Motions to reopen removal proceedings must be filed within ninety days of the final administrative order of removal, unless equitable tolling or an exception applies. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2), (3); *see Singh v. Holder*, 658 F.3d 879, 884–85 (9th Cir. 2011). Motions can be filed outside the ninety-day limit when there are changed country conditions, if the evidence is material and newly available. 8 U.S.C. § 1229a(c)(7)(C)(ii). Sukul's final order of removal was entered on August 12, 2011, so any motion to reopen was due by November 10, 2011, 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Sukul filed this motion to reopen and a motion to stay his removal on June 29, 2015, nearly four years after the BIA's final order of removal, and way beyond the ninety-day deadline. He did not show that conditions in Fiji have materially changed since his removal hearing and so his motion is untimely. The 2002 Country Report, which is in the record of the original proceedings, indicated tensions between indigenous Fijians and Indo-Fijians, the ethnic minority group of which Sukul is a member. Sukul relies on a 2013 Country Report to show changed country conditions, but that report reflects the same tensions addressed in the 2002 report. The BIA

correctly denied the motion because it was untimely.

**_Second Motion to Reopen._** Sukul's second motion to reopen was also untimely and exceeded the number of allowed motions. This motion was filed on January 28, 2016, again years beyond the ninety-day filing deadline. The BIA correctly denied the motion because it was both time-barred and number-barred, as only one such motion to reopen is allowed. 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2). Sukul argues for equitable tolling of the ninety-day filing deadline, because of exceptional circumstances.

Equitable tolling is available when "despite all due diligence, [the movant] is unable to obtain vital information bearing on the existence of the claim." *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir. 2001) (en banc), *overruled on other grounds by Smith v. Davis*, 953 F.3d 582 (9th Cir. 2020) (en banc) (citation omitted). The United States Citizenship and Immigration Services approved a Form I-130 visa petition submitted by Sukul's wife on his behalf, and Sukul asks the BIA to allow him the opportunity to apply for a section 212(h) waiver and adjustment of status based on this "new evidence." The BIA, however, already considered and denied an application for adjustment of status during his original removal proceeding based on his wife's filing of an earlier I-130 visa petition, so this is not "new evidence."

Equitable tolling also applies "when a petitioner is prevented from filing

3

because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003). Sukul does not argue there was any deception, fraud, or error, and we see none, and therefore no reason to allow equitable tolling. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(3).

Further, we cannot review the BIA's denial of the motions to reopen under its *sua sponte* authority because Sukul does not allege legal or constitutional error. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

**PETITIONS FOR REVIEW DENIED in part and DISMISSED in part.**