**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 5 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

ROBERTO CARLOS CASTRO,

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

No. 22-1386

Agency No.
A073-934-548

MEMORANDUM*

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 29, 2024**

Before:     FRIEDLAND, BENNETT, and SANCHEZ, Circuit Judges.

Roberto Carlos Castro, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Najmabadi v.*

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Castro's second motion to reopen as numerically barred and untimely where it was filed over twenty-four years after the final deportation order, *see* 8 C.F.R. § 1003.2(c)(2) (party may file only one motion to reopen and it must be filed within 90 days after the final administrative decision), and Castro failed to establish that he acted with the due diligence required for equitable tolling, *see Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011) ("To qualify for equitable tolling on account of ineffective assistance of counsel, a petitioner must demonstrate . . . due diligence in discovering counsel's fraud or error . . . ."); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (factors relevant to the due diligence inquiry).

Our jurisdiction to review the BIA's discretionary decision not to reopen proceedings sua sponte is limited to contentions of legal or constitutional error. *See Lona v. Barr*, 958 F.3d 1225, 1227 (9th Cir. 2020). Castro's contentions that the sua sponte regulations are unconstitutionally vague, that his case warrants remand in light of proposed sua sponte regulations, and that the BIA's actions were ultra vires are not supported by persuasive authority. His contentions that the BIA cited contradictory reasons and did not fully explain the decision, and that his case should be remanded for application of the correct legal standard, are not supported

by the record.  Thus, we find no legal or constitutional error on the face of the BIA's decision.  *See id*. at 1233 (court lacks jurisdiction to review BIA's sua sponte decision when it denies reopening "without relying on a constitutionally or legally erroneous premise" (internal quotation marks and citation omitted)).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**