NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARTHA ARTEAGA VERASTEGUI,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-1200

Agency No.
A220-472-033

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2025[**]
Pasadena, California

Before: CALLAHAN, NGUYEN, and KOH, Circuit Judges.

Martha Arteaga Verastegui ("Arteaga Verastegui"), a native and citizen of

Peru, petitions for review of an order by the Board of Immigration Appeals

("BIA") denying Arteaga Verastegui's November 5, 2024 motion to reconsider

("Motion to Reconsider") the BIA's decision denying Arteaga Verastegui's April

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8, 2024 motion to reissue ("Motion to Reissue").[1] We have jurisdiction under 8 U.S.C § 1252. "We review BIA rulings on motions to reopen and reconsider for abuse of discretion and reverse only if the Board acted arbitrarily, irrationally, or contrary to law." *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition in part and dismiss the petition in part.

1.      The BIA did not abuse its discretion in denying Arteaga Verastegui's Motion to Reconsider. The BIA correctly determined that the Motion to Reconsider, filed on November 5, 2024, was time barred because it was not filed within thirty days of the BIA's July 18, 2024 decision denying Arteaga Verastegui's Motion to Reissue. *See* 8 U.S.C. § 1229a(c)(6)(B). The BIA also correctly determined that Arteaga Verastegui's Motion to Reconsider did not specify any errors of law or fact in that decision. *See* 8 U.S.C. § 1229a(c)(6)(C). Arteaga Verastegui does not challenge either of these determinations in her petition.

2.      Instead, Arteaga Verastegui argues that her Motion to Reconsider was "improperly styled" and that the BIA erred in failing to treat it as a motion to reopen/reissue.[2] However, even if construed as a motion to reopen, Arteaga Verastegui's Motion to Reconsider would be both time and number barred.

---

[1] Both the Motion to Reissue and Motion to Reconsider were counseled.
[2] Both parties' briefs treat a motion to reissue a BIA decision as a motion to reopen. *See Coyt v. Holder*, 593 F.3d 902, 904 n.1 (9th Cir. 2010).

25-1200

Arteaga Verastegui timely filed her initial Motion to Reissue on April 8, 2024. The BIA denied that motion because Arteaga Verastegui failed to aver that she did not receive the BIA's January 23, 2024 merits decision. The BIA also noted that to the extent Arteaga Verastegui raised an ineffective assistance of counsel claim, she had not substantially complied with the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988). If construed as a second motion to reissue/reopen, therefore, Arteaga Verastegui's Motion to Reconsider would be number barred in light of Arteaga Verastegui's first Motion to Reissue. *See* 8 U.S.C. § 1229a(c)(7)(A). The motion would also be time barred because it was filed more than ninety days after the BIA issued its January 23, 2024 merits decision. *See* 8 U.S.C. § 1229a(c)(7)(C)(i).

Arteaga Verastegui does not argue that any exception to these procedural bars applies. Instead, she challenges the BIA's decision on the grounds that she was unaware at the time she filed her initial Motion to Reissue that her prior counsel provided an incorrect address for her in the Notice of Appeal to the BIA. As the BIA noted, however, Arteaga Verastegui never asserted a claim of ineffective assistance of counsel, and to the extent she did, she failed to comply with the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637. Arteaga Verastegui also does not argue in her petition and did not do so before the BIA that she is entitled to equitable tolling of the statutory filing

deadline. *See Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011) (noting that to qualify for equitable tolling, a petitioner must demonstrate that she (a) "was prevented from timely filing [her] motion due to prior counsel's ineffectiveness;" (b) "demonstrated due diligence in discovering counsel's fraud or error;" and (c) "complied with the procedural requirements of *Matter of Lozada*").

Accordingly, the BIA did not abuse its discretion in failing to grant Arteaga Verastegui's Motion to Reconsider as a motion to reopen/reissue.

3.      Finally, this Court lacks jurisdiction to review the BIA's decision to decline to reopen proceedings *sua sponte* because Arteaga Verastegui has not properly identified any "legal or constitutional error" in the BIA's decision. *Lona v. Barr*, 958 F.3d 1225, 1227 (9th Cir. 2020). We therefore dismiss this challenge for lack of jurisdiction.

**PETITION DENIED IN PART AND DISMISSED IN PART.[3]**

---

[3] The temporary stay of removal shall remain in place until the mandate issues.