**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TINGTING ZHANG,<br><br>        Petitioner,<br><br>  v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>        Respondent. | No. 24-5465<br><br>Agency No. A205-542-948<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2026[**]
San Francisco, California

Before: S.R. THOMAS, KOH, and H.A. THOMAS, Circuit Judges.

TingTing Zhang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") denial of her motion to reopen. Because

the parties are familiar with the factual and procedural history of the case, we need

not recount it here. We deny the petition in part and dismiss the petition in part.

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction pursuant to 8 U.S.C. § 1252. "We review the agency's denial of a motion to reopen for abuse of discretion, and reverse only if the decision was arbitrary, irrational, or contrary to law." *Perez-Camacho v. Garland*, 54 F.4th 597, 603 (9th Cir. 2022) (citation modified).

I

The BIA did not abuse its discretion by denying Zhang's motion to reopen. A noncitizen can typically file only one motion to reopen their removal proceedings, and they must do so within ninety days of the date of entry of the final order of removal. *See* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). Zhang's motion to reopen is untimely. The motion is also Zhang's second such motion. Though the time and number restrictions for motions to reopen can be excused under certain circumstances, the BIA did not abuse its discretion in declining to do so here.

First, the BIA did not abuse its discretion when it refused to equitably toll the time and number restrictions for Zhang's untimely second motion to reopen. Zhang has not demonstrated "that [she] was prevented from timely filing [her] motion due to prior counsel's ineffectiveness." *Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011). Even if Zhang's prior counsel, Greene, was ineffective because he failed to file a petition for review of the BIA's 2016 denial of her application for

asylum, withholding of removal, and Convention Against Torture ("CAT") relief, Zhang has not demonstrated that Greene's ineffectiveness prevented her from timely filing her second motion to reopen. Zhang's second motion to reopen does not seek to restore her right to file a petition for review in this court. Rather, Zhang's second motion urges the BIA to reopen proceedings so it can either reassess her asylum claim in light of the "changed country conditions in China" or permit her to "apply for adjustment of status to that of legal [sic] permanent resident." But neither of these bases for her motion to reopen relate to Greene's failure to petition this court for review of the BIA's 2016 decision. Zhang therefore cannot be said to have been "prevented from timely filing [her current] motion [to reopen] due to [Greene's] ineffectiveness[.]" *Id.*

Zhang also has not demonstrated that the BIA abused its discretion when it determined that she was not "diligen[t] in discovering counsel's fraud or error." *Id.* Zhang does not explain why she waited until nine months after the BIA denied her first motion to reopen before taking additional action by hiring new counsel. And Zhang does not adequately explain why she did not discover Greene's ineffectiveness or file her second motion to reopen until six years later in 2023, even though she acknowledges that she was represented by competent counsel for much of that time. *See Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011)

3

(noting that, "[i]n many cases," an equitable tolling period ends when a "petitioner definitively learns of the harm resulting from counsel's deficiency" by reviewing the "record of his immigration proceedings" "with competent counsel" (citation modified)).

Second, the BIA did not abuse its discretion when it concluded that Zhang was not exempt from the time and number restrictions for motions to reopen on account of a "material" change in "country conditions" in China. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(2). This conclusion was not an abuse of discretion in light of the country's longstanding persecution of religious groups—and Christians in particular—predating the Immigration Judge's ("IJ") order of removal in 2014.

## II

We do not have jurisdiction to grant Zhang's request to "reopen her case" before the BIA "on [our] own motion sua sponte." To the extent that Zhang asks this court to review the BIA's decision to "decline to exercise [its] sua sponte authority to reopen [her] proceedings" below, Zhang fails to identify any "legal or constitutional error" in that decision which we have jurisdiction to review. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

4

III

We also do not have jurisdiction to review Zhang's challenge to the BIA's underlying decision affirming the IJ's denial of her application for asylum, withholding of removal, and CAT relief. In order to challenge the BIA's decision in this court, Zhang was required to petition for review of that decision within thirty days of the final order of removal. *See* 8 U.S.C. § 1252(b)(1). But Zhang has never petitioned for review of the BIA's 2016 decision, let alone within thirty days of the final order of removal. As a result, the denial of Zhang's underlying asylum claim is not properly before this court.

**PETITION DENIED IN PART AND DISMISSED IN PART.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues.