**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOE HLUPHEKA BAYANA, AKA Joe H. Bayana, | No. 19-73250 |
| Petitioner, | Agency No. A076-633-612 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 8, 2021
Seattle, Washington

Before: HAWKINS and IKUTA, Circuit Judges, and CALDWELL,[**] District Judge.

Petitioner Joe Hlupheka Bayana petitions for review of an order by the

Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ")

denial of his motion to reopen removal proceedings. Having jurisdiction under 8

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

U.S.C. § 1252, we deny the petition.

The BIA did not err in affirming the IJ's denial of Bayana's motion to reopen removal proceedings for failure to meet the 90-day statutory deadline. Bayana filed the motion sixteen years after his order of removal to South Africa became final, and he did not submit any evidence demonstrating that an exception to the filing deadline applied. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.23(b); *see Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017); *Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011).

To the extent that Bayana argues that this Court should direct the BIA to exercise its *sua sponte* power to reopen his case, we have no jurisdiction to do so. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 824 (9th Cir. 2011); *Ekimian v. I.N.S.*, 303 F.3d 1153, 1159 (9th Cir. 2002).

However, if the Government seeks to remove Bayana to Zimbabwe, the Government must afford Bayana a hearing to determine whether his removal to Zimbabwe would subject him to persecution or torture, as the Immigration and Nationality Act and applicable regulations require. 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. §§ 1208.16(b)-(c); 28 C.F.R. § 200.1; *see She v. Holder,* 629 F.3d 958, 965 (9th Cir. 2010), *superseded by statute on other grounds*.

**PETITION DENIED.**