NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| DORA DEL CARMEN CORTEZ DE ORTIZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   20-70568 <br><br> Agency No. A070-162-057 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2021[**]

Before:      TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Dora Del Carmen Cortez De Ortiz, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order denying

her motion to reopen removal proceedings.  Our jurisdiction is governed by 8

U.S.C. § 1252.  We review for abuse of discretion the BIA's denial of a motion to

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reopen, and we review de novo questions of law and due process claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Cortez De Ortiz's second motion to reopen as untimely and number-barred where it was filed over a decade after the order of removal became final, *see* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2), and where Cortez De Ortiz failed to demonstrate changed country conditions in El Salvador to qualify for a regulatory exception to the time and number limitations, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi v. Holder*, 597 F.3d 983, 991-92 (9th Cir. 2010) (BIA did not abuse its discretion in denying motion to reopen where petitioner failed to introduce material evidence of changed country conditions).

To the extent Cortez De Ortiz contends the BIA abused its discretion in declining to equitably toll the time and number limitations, her contention fails because Cortez De Ortiz did not establish the due diligence required for equitable tolling. *See Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011) ("To qualify for equitable tolling on account of ineffective assistance of counsel, a petitioner must demonstrate . . . due diligence in discovering counsel's fraud or error . . . ."); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (listing factors relevant to the due diligence inquiry).

Because the untimeliness of the motion is dispositive, we do not reach Cortez De Ortiz's remaining contentions regarding eligibility for relief and due process.

We lack jurisdiction to review the BIA's determination not to reopen proceedings sua sponte. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011); *cf. Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**