NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIUS NDI CHO,<br><br>    Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No. 20-71615<br><br>Agency No. A096-411-651<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2021[**]
San Francisco, California

Before: WATFORD and HURWITZ, Circuit Judges, and BAKER,[***] International Trade Judge.

Julius Ndi Cho, a native and citizen of Cameroon, petitions for review of a

Board of Immigration Appeals (BIA) order denying his untimely motion to reopen

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

removal proceedings. We deny the petition for review as to that issue because Cho has not demonstrated materially changed country conditions in Cameroon or ineffective assistance of counsel to warrant equitable tolling. We dismiss for lack of jurisdiction Cho's challenge to the BIA's denial of his request for *sua sponte* reopening.

**1.** Because Cho filed his motion to reopen more than 90 days after the date of the final administrative decision, his motion was untimely. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). A petitioner seeking to reopen after the 90-day deadline based on changed country conditions must show that "circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution." *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004). The BIA denied Cho's motion to reopen based on changed country conditions on two independent grounds: first, the evidence presented did not show a qualitative change in country conditions in Cameroon; and second, Cho did not establish that the alleged change in conditions was material to his eligibility for relief.

The BIA did not abuse its discretion in denying Cho's motion to reopen based on changed country conditions. We need not decide whether the BIA properly based its decision on the first ground because the agency properly identified this as a case in which a prior adverse credibility finding rendered

immaterial the allegedly changed country conditions. *See Toufighi v. Mukasey*, 538 F.3d 988, 996–97 (9th Cir. 2008). Contrary to Cho's assertion, the BIA did not make its own adverse credibility finding nor improperly apply the prior credibility finding to a new basis for relief. *See Yang v. Lynch*, 822 F.3d 504, 509 (9th Cir. 2016). Instead, the BIA determined that the country conditions evidence was not material to Cho's claimed fear of persecution based on his political opinion because he had been found not credible as to alleged past persecution on the same basis.

Cho asserts for the first time on appeal a new ground for asylum based on his ethnicity as a member of the Ngemba tribe from the Anglophone region of Bamenda, Cameroon. Because he failed to raise this ethnicity claim during proceedings before the BIA, we lack jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 676–78 (9th Cir. 2004).

**2.** The BIA did not abuse its discretion in finding that Cho failed to demonstrate grounds for equitably tolling the 90-day filing deadline based on ineffective assistance of counsel. To qualify for equitable tolling, Cho must show: (1) prior counsel's ineffectiveness prevented him from seeking timely reopening; (2) due diligence in discovering counsel's fraud or error; and (3) compliance with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011). In addition, Cho must show

that his counsel's performance was deficient and that he suffered prejudice as a result. *Id.* at 885.

The BIA properly determined that Cho failed to show prejudice from the allegedly deficient performance of his former representatives. For example, while Cho asserts that his accredited representative was ineffective in failing to prepare a declaration in advance of his first merits hearing, Cho has failed to explain how a declaration would have resolved any of the inconsistencies between his testimony and other record evidence. Moreover, some of Cho's claims of ineffective assistance are directly belied by record evidence. For example, although Cho asserts that his accredited representative provided ineffective assistance by failing to advise him that his family members could testify telephonically, the record shows that Cho's mother was in fact permitted to testify telephonically but chose not to do so for personal reasons.

**3.** We lack jurisdiction to review Cho's challenge to the BIA's denial of *sua sponte* reopening under 8 C.F.R. § 1003.2(a), as the denial was purely discretionary and not based on a legally erroneous premise. *Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**