**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE RAMIRO-RAMIREZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.    20-71154 <br><br> Agency No. A093-161-151 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2021[**]
Pasadena, California

Before:  WARDLAW, PARKER,[***] and HURWITZ, Circuit Judges.

Jose Ramiro-Ramirez, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' (BIA) denial of his motion to reopen

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

proceedings based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review.

1. The BIA correctly found Ramiro-Ramirez's motion to reopen untimely. Although the motion to reopen was due "within 90 days of the date of entry of a final administrative order of removal," *see* 8 U.S.C. § 1229a(c)(7)(C)(i), he filed the motion over three years after that date.

2. The BIA abused its discretion in concluding that Ramiro-Ramirez was not entitled to equitable tolling. Although Ramiro-Ramirez did not use the phrase "equitable tolling" in his motion to reopen, he nonetheless adequately raised the issue before the BIA by pleading facts "needed to support an equitable tolling argument." *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1183–84 (9th Cir. 2001) (en banc) (*overruled on other grounds by Smith v. Davis*, 953 F.3d 582, 599 (9th Cir. 2020) (en banc)).

The BIA correctly recognized that equitable tolling may be based on ineffective assistance of counsel. *See Iturribarria v. INS*, 321 F.3d 889, 897–98 (9th Cir. 2003). However, the BIA abused its discretion by finding that Ramiro-Ramirez failed to act with due diligence in discovering the deception, fraud, or error that was the basis of his motion. *See Id.* at 897. Ramiro-Ramirez based his motion to reopen on his former attorney's failure to timely file his initial application for relief and to inform him of this mistake, and within less than a

2

month of the dismissal of his first appeal, Ramiro-Ramirez obtained a new attorney and filed a motion to reopen, demonstrating due diligence. *Cf. Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1225–26 (9th Cir. 2002) (petitioner acted with due diligence when petitioner obtained new counsel and filed a motion to reopen within a month of the appeal's denial).

Ramiro-Ramirez also demonstrated that he was prevented from timely filing his motion due to prior counsel's ineffectiveness. *See Singh v. Holder*, 658 F.3d 879, 885 (9th Cir. 2011). His former attorney failed to timely file his initial applications for relief, missed an early hearing, failed to correct his application such that it was deemed abandoned, and concealed these errors from him throughout the appellate process. *Cf. Rodriguez-Lariz*, 282 F.3d at 1220, 1224–26. Because Ramiro-Ramirez was unaware of these errors, he had no opportunity to correct them or seek new counsel until his appeal was denied.

3.      The BIA also abused its discretion by finding that Ramiro-Ramirez failed to establish prima facie eligibility for withholding of removal. Although Ramiro-Ramirez did not define the particular social group of which he is a member, this failure alone is not a basis for finding that he failed to demonstrate prima facie eligibility for withholding of removal, as he sufficiently pleaded facts suggesting persecution on a protected basis. *See Matter of W-Y-C- & H-O-B-*, 27 I & N Dec. 189, 191 (BIA 2018) ("If an applicant is not clear as to the exact

3

delineation of the proposed social group, the Immigration Judge should seek clarification . . . .").

Ramiro-Ramirez demonstrated a reasonable likelihood that he experienced past persecution on a protected basis, entitling him to a presumption of eligibility for withholding. *See Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017). These facts include being shot at by the Salvadoran military, enduring beatings for hours at the hands of the Salvadoran government, and the persistent harassment of his family members at the hands of Salvadoran gangs. *Cf. Parada v. Sessions*, 902 F.3d 901, 909–11 (9th Cir. 2018).

4. The BIA also abused its discretion by finding that Ramiro-Ramirez failed to demonstrate prima facie eligibility for protection under the Convention Against Torture. Ramiro-Ramirez was not required to provide "a conclusive showing that, assuming the facts alleged to be true, eligibility for relief ha[d] been established," but instead needed to show only that it "would be worthwhile to develop the issues further" at a hearing. *Tadevosyan v. Holder*, 743 F.3d 1250, 1255 (9th Cir. 2014) (quoting *Matter of L–O–G–*, 21 I. & N. Dec. 413, 418–19 (BIA 1996)). Ramiro-Ramirez demonstrated a reasonable probability that it was more likely than not that a government official or person acting in an official capacity would torture him or aid or acquiesce in his torture by others. *Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009). Ramiro-Ramirez offered

4

evidence not only that the Salvadoran military had fired bullets at him in the past, but also that Salvadoran government officers had beaten him for hours and stolen his property soon after he returned to El Salvador from the United States. *See* 8 C.F.R. § 1208.16(c)(3)(i).

**PETITION FOR REVIEW GRANTED AND REMANDED.**