**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Jorge Luis Barrera-Cartagena,<br><br>    Petitioner,<br><br>v.<br><br>Merrick B. Garland, U.S. Attorney<br>General,<br><br>    Respondent. | No. 21-666<br><br>Agency No.    A097-866-492<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2022**

Before:    SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

Jorge Luis Barrera-Cartagena, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The BIA did not abuse its discretion in denying Barrera-Cartagena's motion to reopen as untimely, where it was filed more than five years after the order of removal became final, *see* 8 U.S.C. § 1229a(c)(7)(C)(i) (requiring motion to reopen to be filed within ninety days of final removal order), and Barrera-Cartagena failed to establish that he acted with the due diligence required for equitable tolling, *see Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011) ("To qualify for equitable tolling on account of ineffective assistance of counsel, a petitioner must demonstrate . . . due diligence in discovering counsel's fraud or error. . . ."); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (listing factors relevant to the due diligence inquiry).

In light of this disposition, we need not reach Barrera-Cartagena's remaining contentions. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (stating that courts and agencies are not required to decide issues unnecessary to the results they reach).

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**