NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 31 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CINTHIA GERALDINA GUZMAN VALLECILLO, *et al*., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-71896 <br><br> Agency Nos. A206-453-844 <br> A206-453-845 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 29, 2022[**]
Pasadena, California

Before: M. SMITH and R. NELSON, Circuit Judges, and DRAIN,[***] District Judge.

Petitioners Cinthia Geraldina Guzman Vallecillo and her minor daughter

seek review of a final order of removal issued by the Board of Immigration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

Appeals ("BIA"). In its decision, the BIA dismissed Petitioners' appeal of the Immigration Judge's ("IJ") order denying Petitioners' applications for asylum, withholding of removal, and protection pursuant to the regulations implementing the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017).

1.   The BIA affirmed the IJ's denial of Petitioners' asylum and withholding of removal claims because Guzman Vallecillo did not establish past persecution or a well-founded fear of future persecution on account of a protected ground. Because Petitioners do not raise any challenge to the IJ's conclusion that they could not establish the requisite nexus in their opening brief, they have waived review of these claims. *See Jin v. Holder*, 748 F.3d 959, 964 n.2 (9th Cir. 2014).

2.   The BIA concluded–and Petitioners do not challenge on appeal–that Petitioners waived their claim for CAT relief because they did not contest the IJ's determination that they failed to present evidence that it is more likely than not that Guzman Vallecillo will be subjected to torture in Honduras by or with the acquiescence of a public official or other persons acting in an official capacity. We therefore lack jurisdiction to review the IJ's denial of CAT relief. *Vargas v. INS*, 831 F.2d 906, 907-08 (9th Cir. 1987).

3.     Petitioners argue the BIA erred in denying their claim for ineffective assistance of counsel, concluding there was no evidence in the record to support their contention that counsel should have argued Guzman Vallecillo was subject to persecution on account of her membership in the particular social group of "Honduran women" and on account of her anti-gang political opinion. We review *de novo* ineffective assistance of counsel claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). "Ineffective assistance of counsel in a [removal] proceeding is a denial of due process under the Fifth Amendment if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting h[er] case." *Singh v. Holder*, 658 F.3d 879, 885 (9th Cir. 2011) (citations omitted). To prevail, Petitioners must show that they were prejudiced by their attorney's actions. *Id*. at 886-87. To establish prejudice, Petitioners must show their lawyer's actions "*could* have affected the outcome of the proceedings." *Id*. at 887 (emphasis in original).

The BIA properly concluded no prejudice resulted from counsel's failure to raise claims based on membership in the particular social group of "Honduran women," or based on Guzman Vallecillo's anti-gang political opinion. The record is devoid of evidence that the gang had any motive other than retribution and financial gain. Rather, the evidence presented to the IJ establishes the Mara 18 gang threatened Guzman Vallecillo because she contacted law enforcement in

3

connection with her partner's murder, rather than due to her membership in a particular social group. Guzman Vallecillo testified she and other victims' family members were threatened by the gang after reporting their relatives were murdered. She testified only family who went to the police were threatened. She further testified that none of the individuals who were threatened have been harmed by the gang and, neither she, nor the others have been threatened after May 7, 2010. This testimony contravenes her claim that she was targeted based on her status as a woman. Harm or fear of harm on account of a personal animus is an insufficient basis for asylum and withholding of removal. *Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013) ("[M]istreatment motivated purely by personal retribution will not give rise to a valid asylum claim . . . ."). Moreover, Petitioner's testimony did not suggest that her cooperation with police was political in nature, rather than a desire to locate her partner.

Guzman Vallecillo also testified about the gang extorting payment from her to sell fruit at the local market, however, this supports the conclusion that the gang members were motivated by financial gain which likewise does not support her claim. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Because the evidence of record established the gang's motivation was retributive and financial in nature, Guzman Vallecillo necessarily could not show her attorney's decision to forego raising claims based on her membership in the

4

particular social group of "Honduran women," or based on her purported anti-gang political opinion could have had an impact on the outcome of the proceedings. Petitioners therefore cannot show they were prejudiced by counsel's strategic decision and their claim for ineffective assistance of counsel fails.

**PETITION DENIED IN PART; DISMISSED IN PART.**