**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

OCT 19 2023

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS EUFRACIO-PARDO, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 22-1844 Agency No. A075-753-384 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2023**

Before:     S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Carlos Eufracio-Pardo, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

review for abuse of discretion the denial of a motion to reopen.  *Najmabadi v.*

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioner's untimely motion to reopen for failure to demonstrate he acted with the due diligence required for equitable tolling. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within ninety days of the final removal order); *Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011) ("To qualify for equitable tolling on account of ineffective assistance of counsel, a petitioner must demonstrate […] that he demonstrated due diligence in discovering counsel's fraud or error."); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (factors relevant to diligence inquiry).

The record does not support Eufracio-Pardo's contentions that the BIA failed to consider evidence, ignored arguments, or otherwise erred in its analysis of his claims. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome presumption that BIA reviewed the record). Eufracio-Pardo's contention that the agency violated due process by not asking him if he had a claim for asylum separate from his parents is not properly before the court because he failed to raise it before the BIA. *See* 8 U.S.C. § 1252(d)(1) (exhaustion of administrative remedies required); *see also*

*Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is a non-jurisdictional claim-processing rule).

We generally lack jurisdiction to review the BIA's decision not to reopen proceedings sua sponte. *See Lona v. Barr*, 958 F.3d 1225, 1227 (9th Cir. 2020) (denial of sua sponte reopening is committed to agency discretion and unreviewable).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**