**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIZETTE PEREZ PAYAN, et al., | No. 22-1029 |
| Petitioners, | Agency No. A097-335-257 |
| v. | Agency No. A208-586-751 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2023[**]
San Francisco, California

Before: S.R. THOMAS and BRESS, Circuit Judges, and EZRA,[***] District Judge.

Lizette Perez Payan (Perez) and her minor son, natives and citizens of

Mexico, petition for review of a decision from the Board of Immigration Appeals

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

("the Board") denying their motion to reopen as untimely. The Board had authority to consider the motion under 8 C.F.R. § 1003.2. We have jurisdiction under 8 U.S.C. § 1252(a).

We review the Board's denial of a motion to reopen for abuse of discretion. *Singh v. Holder*, 658 F.3d 879, 885 (9th Cir. 2011). We have limited jurisdiction to review the Board's refusal to reopen *sua sponte* "to the limited degree that the refusal was based on legal error." *Bonilla v. Lynch*, 840 F.3d 575, 579 (9th Cir. 2016). Factual findings underlying the Board's denial of reopening are conclusive unless a petitioner establishes that "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Lin v. Ashcroft*, 377 F.3d 1014, 1024 (9th Cir. 2004). We deny in part and dismiss in part for lack of jurisdiction.

Because the parties are familiar with the facts and the procedural history, we do not recount them here.

I

The Board did not err in refusing to equitably toll Perez's petition due to ineffective assistance of counsel. "To qualify for equitable tolling on account of ineffective assistance of counsel, a petitioner must demonstrate," among other things, "that [s]he was prevented from timely filing [her] motion due to prior

2

counsel's ineffectiveness." *Singh*, 658 F.3d at 884. The Board concluded that Perez failed to satisfy her burden because she failed to demonstrate that prior counsel was the reason for her late filing. Because the record does not compel a conclusion to the contrary, the Board's factual findings concerning the cause of delay were not clearly erroneous. *Lin*, 377 F.3d at 1024.

As with all requests for equitable tolling under 8 U.S.C. § 1229a, the petitioner bears the burden of demonstrating that equitable tolling is warranted. *Luna v. Holder*, 659 F.3d 753, 761 (9th Cir. 2011). Here, Perez provided no evidence to support her assertion that she notified prior counsel and the immigration court of her address change, nor did she rebut prior counsel's assertion that he attempted to contact her multiple times. The record also lacks prior counsel's formal response concerning the breakdown in communication, despite prior counsel's indication in an email that he intended to provide one.

On this record, the Board's finding that prior counsel did not prevent Perez from timely filing is not clearly erroneous. *See Garland v. Ming Dai*, 141 S. Ct. 1669, 1677 (2021). Because such a finding is required to warrant equitable tolling, *Singh*, 658 F.3d at 884, the Board did not abuse its discretion in denying the motion as untimely. We deny the claim.

3

## II

In addition to the denial of equitable tolling, Perez challenges several aspects of the Board's decision as "erroneous," including the Board's conclusions that Perez did not demonstrate her prima facie eligibility for relief and that her "newly submitted evidence" was not "previously unavailable." Each of Perez's additional arguments concern the Board's rationale for refusing to reopen her proceedings *sua sponte* "because she has not demonstrated the existence of exceptional circumstances warranting such action."

Except where the phrase is explicitly defined in statute, the Board's assessment of "exceptional circumstances" is a matter "committed to agency discretion" for which there is no "judicially manageable standard" of review. *Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1116-17 (9th Cir. 2019); *see also Bonilla*, 840 F.3d at 586. This case does not fall into the "narrow exception" to the "jurisdictional bar" on our review of discretionary reopening. *Lona v. Barr*, 958 F.3d 1225, 1232 (9th Cir. 2020). We dismiss this claim for lack of jurisdiction.

**DENIED IN PART; DISMISSED IN PART.**