NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CATALINA JUAN-MONTEJO; JUANA ARACELY JUAN-MONTEJO; LUIS HUMBERTO GASPAR-JUAN; MARGARITO JUAN-MONTEJO, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-713 <br><br> Agency Nos. <br> A206-462-764 <br> A206-462-766 <br> A206-462-765 <br> A206-462-767 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 26, 2024**
Seattle, Washington

Before: WARDLAW and MILLER, Circuit Judges, and CORLEY, District
Judge.***

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Jacqueline Scott Corley, United States District Judge
for the Northern District of California, sitting by designation.

Catalina Juan-Montejo and her minor children, natives and citizens of Guatemala, petition for review of a decision of the Board of Immigration Appeals ("BIA") denying their motion to reopen as time- and number-barred. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

The BIA did not abuse its discretion in holding that Juan-Montejo was not entitled to equitable tolling of the deadline for filing her motion to reopen. Juan-Montejo's motion was time-barred, for it was filed more than three years after the applicable 90-day deadline passed. *See* 8 C.F.R. § 1003.2(c)(2). Similarly, her motion was number-barred, for it was her second motion to reopen. *See id.* Still, a noncitizen "can secure review of a motion to reopen that would otherwise be time- and number-barred if the deadline is subject to equitable tolling." *Perez-Camacho v. Garland*, 54 F.4th 597, 605–06 (9th Cir. 2022).

Where, as here, the petitioner argues that ineffective assistance of counsel should toll the time- and -number bars, the petitioner must demonstrate: "(a) that [s]he was prevented from timely filing [her] motion due to prior counsel's ineffectiveness; (b) that [s]he demonstrated due diligence in discovering counsel's fraud or error; and (c) that [s]he complied with the procedural requirements of *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988)." *Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011). For purposes of this disposition, we assume that Juan-Montejo was prevented from timely filing by her prior counsel's deficient

performance and turn directly to due diligence.

When evaluating whether a petitioner has established due diligence, we consider first, "if (and when) a reasonable person in petitioner's position would suspect the specific fraud or error underlying her motion to reopen." *Avagyan v. Holder,* 646 F.3d 672, 679 (9th Cir. 2011). Here, the BIA correctly determined that Juan-Montejo demonstrated awareness of many of her counsel's alleged errors at the time of her original removal proceedings.[1]

Second, we consider "whether petitioner took reasonable steps to investigate the suspected fraud or error, or, if petitioner is ignorant of counsel's shortcomings, whether petitioner made reasonable efforts to pursue relief." *Avagyan,* 646 F.3d at 679. The BIA correctly concluded that Juan-Montejo failed to establish due diligence during the two-year period between the November 30, 2017, when her first motion to reopen was denied and September 2019, when she hired present counsel. She identifies no actions taken during this period to "investigate the suspected fraud or error," or even "reasonable efforts to pursue relief." *Id.* As such, even if Juan-Montejo was completely unaware of any of counsel's mistakes during this period, she still fails to meet the due diligence requirement.

---

[1] The record provides no basis to conclude, however, that Juan-Montejo suspected her counsel's failure to identify relevant proposed social groups at the time of her individual hearing. As to that aspect of counsel's performance, then, she need only demonstrate that she "made reasonable efforts to pursue relief until she learned of counsel's ineffectiveness." *Avagyan,* 646 F.3d at 682.

Finally, we consider "when the tolling period should end; that is, when petitioner definitively learns of the harm resulting from counsel's deficiency, or obtains 'vital information bearing on the existence of [her] claim.'" *Id.* (quoting *Albillo-DeLeon v. Gonzales*, 410 F.3d 1090, 1100 (9th Cir. 2005)). At that point, the 90-day clock begins to run again. Here, the latest date upon which Juan-Montejo arguably gained new information bearing on her claim was December 30, 2020, when Juan-Montejo met with present counsel and a fluent Akateko speaker. Thus, even if the filing deadline was tolled until December 30, 2020, her motion was still filed more than two months after the 90-day deadline expired.[2]

**PETITION FOR REVIEW DENIED.**

---

[2] Because we conclude that the BIA did not abuse its discretion in finding Juan-Montejo's motion to reopen time- and number-barred, we do not reach the remaining issues.