NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 14 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARNOLDO ANTONIO GARCIA, | No.  14-72775 |
| Petitioner, | Agency No. A073-929-240 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 2, 2021
Submission Vacated May 19, 2021
Resubmitted November 14, 2024
San Francisco, California

Before:  BALDOCK,** WARDLAW, and BERZON, Circuit Judges.

Arnoldo Antonio Garcia ("Garcia"), a native and citizen of El Salvador,

petitions this court for review of the Board of Immigration Appeals' ("BIA")

denial of his untimely motion to reopen, arguing that the BIA should have

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The Honorable Bobby R. Baldock, United States Circuit Judge for the
U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

equitably tolled the filing deadline or exercised its authority to sua sponte reopen his case. We review the BIA's denial of a motion to reopen for abuse of discretion. *Singh v. Holder*, 658 F.3d 879, 885 (9th Cir. 2011). We have jurisdiction under 8 U.S.C. § 1252(a). We grant in part and dismiss in part Garcia's petition for review.

1.      The BIA did not abuse its discretion by declining to apply equitable tolling. We "recognize[] equitable tolling of deadlines and numerical limits on motions to reopen or reconsider during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence." *Iturribarria v. I.N.S.*, 321 F.3d 889, 897 (9th Cir. 2003). However, because Garcia did not mention untimeliness or equitable tolling in his briefing before the BIA, we lack jurisdiction to consider it now. *See* 8 U.S.C. § 1252(d)(1).

2.      The BIA abused its discretion by "rel[ying] on an incorrect legal premise" when it declined to sua sponte reopen Garcia's case, so the case must be remanded for the BIA to "exercise its authority against the correct 'legal background.'" *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) (quoting *Pllumi v. Attorney General*, 642 F.3d 155, 160 (3d Cir. 2011)). Garcia submitted a signed declaration in support of his motion to reopen in which he stated that his guilty plea was temporarily withdrawn and then reinstated pending further proceedings. However, the BIA wrote in its decision that Garcia attached "no evidence in

2

support of these claims" about his criminal case.  This was legal error; declaration evidence is evidence for the purposes of a motion to reopen.  *Malty v. Ashcroft*, 381 F.3d 942, 947 (9th Cir. 2004).  Because we "cannot be certain" that the Board denied sua sponte reopening based on a correct understanding of the law before it, "the proper course . . . is to remand to the agency for additional investigation or explanation."  *Azanor v. Ashcroft*, 364 F.3d 1013, 1021 (9th Cir. 2004) (quoting *I.N.S. v. Ventura*, 537 U.S. 12, 16 (2002)) (alteration in original).

**PETITION GRANTED IN PART, DISMISSED IN PART, AND REMANDED.**[1]

---

[1]     Garcia's Motion for Stay of Removal (Dkt. No. 1) is denied as moot. The parties shall bear their own costs on appeal.