**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATALY AURORA VELASCO VILCHEZ; GIANVICTOR IVAN ROMERO JUAREZ; M.V.R.V.; IVAN ADRIANO ROMERO VELASCO, | No. 24-456 |
| | Agency Nos. A220-747-854 A220-747-853 A220-747-855 A220-747-856 |
| Petitioners, | |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 4, 2025**
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

Nataly Velasco Vilchez ("Velasco"), her husband, Gianvictor Romero Juarez,

and their sons, natives and citizens of Peru, petition for review of a decision by the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Board of Immigration Appeals ("BIA") dismissing an appeal from an order of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Where, as here, the BIA affirms the IJ "and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027-28 (9th Cir. 2019). We examine the agency's "legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (cleaned up). We review due process claims de novo. *See Sola v. Holder*, 720 F.3d 1134, 1136 (9th Cir. 2013) (per curiam). Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petitions for review.

1. Velasco asserts that the agency erred by not meaningfully addressing her sons' "independent applications for relief." But the only I-589 applications were filed by Velasco and Gianvictor.[1] Moreover, Velasco failed to exhaust this claim before the BIA. *See Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) ("A court must enforce the [exhaustion requirement] if a party properly raises it.") (cleaned up).

---

[1] Gianvictor initially filed an application for relief listing Velasco and their sons as derivative beneficiaries. Velasco later filed her own application, listing Gianvictor and the sons as derivative beneficiaries, and proceeded as the lead respondent. Neither son filed his own application. Because all of the petitioners' claims are based on Velasco's experiences, we largely analyze only her claims.

2. Substantial evidence supports the BIA's conclusion that Velasco did not suffer past persecution. Death threats "constitute persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm." *Duran-Rodriguez*, 918 F.3d at 1028 (cleaned up). Velasco testified that the initial threats she received through phone calls and social media did not put her in fear, that she "never gave importance" to them, and that at most they made her "uncomfortable." And although a subsequent in-person threat surely caused emotional suffering, Velasco was not physically harmed. *See id.* at 1027-28 (finding no past persecution where petitioner was threatened twice, once by phone and once in person by armed men, but never physically harmed). And, "[b]ecause reasonable minds could differ" as to whether the gang members had the will and ability to carry out their threats, "the record does not compel us to make a finding that the threats did constitute persecution." *Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (cleaned up).[2]

In the absence of past persecution, Velasco was not entitled to a presumption of a well-founded fear of future persecution. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006). In any event, an "applicant does not have a well-founded

---

[2] We cannot consider the articles Velasco cites to prove the gang had the will and ability to carry out its threats because they are not in the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A).

fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . if under all the circumstances it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(2)(ii). The agency's finding that Velasco could reasonably and safely relocate if removed is supported by substantial evidence.[3]

3.      Velasco concedes that she failed to exhaust any claim about the denial of CAT protection before the BIA but contends that was because of ineffective assistance of counsel. Even assuming that exhaustion, *see Santos-Zacaria v. Garland*, 598 U.S. 411, 425 (2023), and compliance with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), were not required, the claim fails. To establish ineffective assistance of counsel, a petitioner must show prejudice, in that counsel's performance "was so inadequate that it may have affected the outcome of the proceedings." *Iturribarria v. INS*, 321 F.3d 889, 900 (9th Cir. 2003) (cleaned up). In assessing prejudice, we "must consider the underlying merits of the case to come

---

[3]      Velasco attacks several aspects of the IJ's relocation analysis. But before the BIA, she only argued that her case should be remanded for further consideration of country conditions evidence and submission of unidentified new evidence. As a result, she failed to exhaust her current challenges. *See Suate-Orellana*, 101 F.4th at 629.

to a tentative conclusion as to whether petitioner's claim, if properly presented, would be viable." *Singh v. Holder*, 658 F.3d 879, 887 (9th Cir. 2011) (cleaned up).

Velasco argues the IJ's CAT analysis "was facially legally deficient" because the finding of no past torture "was the extent of the analysis, save for general recitations of the law." But the IJ also expressly found that (1) the country conditions evidence of violence against women and corruption was not sufficiently particularized, (2) Velasco had not demonstrated a likelihood of government acquiescence in future torture, and (3) Velasco did not prove that she would more likely than not be tortured if removed to Peru. *See* 8 C.F.R. § 1208.16(c)(2). And, the BIA affirmed the IJ's finding that Velasco did not suffer past persecution, which establishes the absence of past torture. *See Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020) ("Torture is more severe than persecution.") (cleaned up). Because "past torture is ordinarily the principal factor" in the CAT analysis, *Nuru v. Gonzales*, 404 F.3d 1207, 1218 (9th Cir. 2005), and the IJ conducted a meaningful analysis of other relevant considerations, Velasco's appeal of the denial of CAT protection would have failed even if properly presented to the BIA. She therefore has not demonstrated prejudice from her counsel's performance.

**PETITIONS FOR REVIEW DENIED.**[4]

---

[4]     The stay of removal, **Dkt. 3**, shall dissolve on the issuance of the mandate.