NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODOLFO CENTENO-HEREDIA, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-4228 <br><br> Agency No. <br> A078-102-748 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2025**
Seattle, Washington

Before: HAWKINS, McKEOWN, and WARDLAW, Circuit Judges.

Rodolfo Centeno-Heredia ("Centeno"), a native and citizen of Mexico,

petitions for review of the denial by the Board of Immigration Appeals ("BIA") of

his motion to reopen removal proceedings. We review the BIA's denial of a

motion to reopen for abuse of discretion. *Singh v. Holder*, 658 F.3d 879, 885 (9th

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2011). We have jurisdiction under 8 U.S.C. § 1252(a). We deny Centeno's petition for review.

1. The BIA did not abuse its discretion by denying as untimely Centeno's motion to reopen, which was filed more than seven and a half years after the final administrative removal order was issued in his case. *See* 8 U.S.C. § 1229a(c)(7)(C) ("[A] motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal."); 8 C.F.R. § 1003.2(c)(2) (same). Centeno does not argue before us that his motion to reopen was timely filed; that it falls under an exception to the time limitations for motions to reopen; or that he was prevented from filing earlier "because of deception, fraud, or error," such that he may be eligible for equitable tolling. *See Iturribarria v. I.N.S.*, 321 F.3d 889, 897 (9th Cir. 2003). Accordingly, Centeno has forfeited any argument that the BIA's denial of his motion as untimely was erroneous. *See Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020) (deeming issues forfeited when not raised in the petitioner's opening brief).

2. Centeno does not raise any legal or constitutional challenge to the BIA's decision to deny sua sponte reopening, so we lack jurisdiction to review it. *See Lona v. Barr*, 958 F.3d 1225, 1234–35 (9th Cir. 2020).

3. Because the BIA's denial of Centeno's motion to reopen as untimely is dispositive, we need not reach Centeno's other arguments or the BIA's

alternative bases for denial.  *See I.N.S. v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

**PETITION DENIED IN PART AND DISMISSED IN PART.**[1]

---

[1] Centeno's temporary stay of removal (Dkt. No. 10) will expire upon the issuance of the mandate.

24-4228